1

2

3

4

5

6

7

8               IN THE UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD WRIGHT,

11          Plaintiff,              NO. CIV S-10-0334 LKK GGH P

12      vs.                        FINDINGS AND RECOMMENDATIONS

13

14   ATTORNEY GENERAL OF THE
     STATE OF CALIFORNIA,

15
            Defendant.

16   _____/

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action

18   filed pursuant to 42 U.S.C. § 1983.  By order filed April 1, 2010, plaintiff's complaint was

19   dismissed with leave to file an amended complaint. (Doc. #13).  Plaintiff has now filed an

20   amended complaint (Doc. #14); however, plaintiff has failed to cure the defects of the original

21   complaint.

22          As plaintiff was previously informed, the court is required to screen complaints

23   brought by prisoners seeking relief against a governmental entity or officer or employee of a

24   governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion

25   thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state

26   a claim upon which relief may be granted, or that seek monetary relief from a defendant who is

                                            1

1  immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2          A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

3  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

4  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

5  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

6  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

7  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

8  Cir. 1989); Franklin, 745 F.2d at 1227.

9          A complaint must contain more than a "formulaic recitation of the elements of a

10  cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

11  speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

12  "The pleading must contain something more...than...a statement of facts that merely creates a

13  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

14  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient

15  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

16  v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct.

17  1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

18  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

19  Id.

20          In reviewing a complaint under this standard, the court must accept as true the

21  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

22  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

23  and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

24  1843 (1969).

25          As in the original complaint (Doc. #1), plaintiff alleges that officials at the High

26  Desert State Prison in Susanville repeatedly denied him access to the law library, where he

1 sought to research and prepare a federal habeas petition before the running of the one-year

2 statutory limitations period under the Antiterrorism and Effective Death Penalty Act (AEDPA).

3 (Doc. #14 at 4.)  Whereas in the original complaint, plaintiff alleged that he had two months left

4 to file his federal habeas petition before the AEDPA deadline, by plaintiff's own calculations the

5 AEDPA deadline has since passed (see Doc. #13 at 3, fn. 1), and plaintiff now states that he "had

6 no other choice but to file [my] state habeas without real reasonable research."  (Doc. #14 at 4.)

7 This suggests not that plaintiff failed to file a habeas claim at all, but opted to file a state habeas

8 petition; alternatively, plaintiff may mean that he was forced to file his federal habeas petition

9 without adequate research.[1]

10          Either way, plaintiff seeks relief including "an injunction that allows equitable

11 time to file" a federal petition for a writ of habeas corpus; an injunction requiring the California

12 Department of Corrections and Rehabilitation to "put into effect a system for law library use"

13 that recognizes prisoners' need to file a federal habeas petition within the one-year AEDPA

14 limitations period; and various damages.  (Doc. #14 at 3.)

15          While the amended complaint is an improvement over the original complaint

16 insofar as it names defendants, plaintiff has not met the requisite "actual injury" necessary to

17 support a claim for denial of access to the courts under the First Amendment.  Lewis v. Casey,

18 518 U.S. 343, 351-53, 355, 116 S. Ct. 2174 (1996) (prisoner must allege actual injury).  The

19 court held that before a denial of access to the courts claim can go forward, an inmate must

20 "demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded."  Id.

21 Accordingly, before a claim of denial of access to the courts can proceed, an inmate must

22 demonstrate that he was precluded or thwarted in his efforts to present a legally or factually

23 arguable claim to the courts.  Plaintiff has failed to do so in this instance, and his own opinion on

24 the merits of any filing he made does not establish the actual injury.  He has also not alleged that

25

26          [1] Court records do not reflect that plaintiff has any currently pending habeas corpus
petition in this district, at least under the name of Richard Wright.

1    he was unable to timely file a federal habeas petition after allegedly spending one or two hours in

2    the prison law library on twelve separate occasions during the AEDPA limitations period (Doc.

3    #14 at 4), nor does he allege that any such petition was denied, either for untimeliness or any

4    other reason.  Without allegations of actual injury, plaintiff's First Amendment claim must fail.

5          Moreover, plaintiff is mistaken in his apparent belief that this court can grant

6    relief on the amended complaint that affects in any way the timeliness of any federal habeas

7    petition he has filed or may file.  Any such habeas proceeding is entirely separate from the instant

8    § 1983 action.  Plaintiff's assertion that he should be given "equitable time to file [a] federal

9    habeas petition" (Doc. #14 at 3) is really an argument for equitable tolling of the AEDPA

10   limitations period, which should be made in the course of his federal habeas litigation.

11         Finally, as plaintiff's complaint now stands, the court would be compelled to

12   adjudicate the adequacy of plaintiff's habeas claim, if the inadequacy of such is the "harm"

13   plaintiff suffered.  It would be perverse for this court to be adjudicating the adequacy of the

14   habeas petition at the same time as the habeas court.

15         Because the gravamen of plaintiff's complaint concerns his ability to timely file

16   an unrelated federal petition for writ of habeas corpus, the undersigned concludes that little

17   would be served by giving plaintiff another chance to amend his complaint.  "Liberality in

18   granting a plaintiff leave to amend 'is subject to the qualification that the amendment not cause

19   undue prejudice to the defendant, is not sought in bad faith, and is not futile.'"  Thornton v.

20   McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9ᵗʰ Cir. 2001), quoting Bowles v. Reade, 198

21   F.3d 752, 757 (9th Cir.1999).  "Under Ninth Circuit case law, district courts are only required to

22   grant leave to amend if a complaint can possibly be saved.  Courts are not required to grant leave

23   to amend if a complaint lacks merit entirely."  Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir.

24   2000).  See also, Smith v. Pacific Properties and Development Corp., 358 F.3d 1097, 1106 (9th

25   Cir. 2004), citing Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995) ("a district court should

26   grant leave to amend even if no request to amend the pleading was made, unless it determines

                                        4

1  that the pleading could not be cured by the allegation of other facts."). "[A] district court retains

2  its discretion over the terms of a dismissal for failure to state a claim, including whether to make

3  the dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at 1124. "The district

4  court's discretion to deny leave to amend is particularly broad where plaintiff has previously

5  amended the complaint." Metzler Inv. GMBH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072

6  (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).

7          This court has previously granted plaintiff leave to amend and plaintiff has once

8  again altogether failed to set forth a colorable claim.  It appears to the undersigned that to grant

9  further leave to amend would be patently futile.

10         Accordingly, IT IS HEREBY RECOMMENDED that this case be dismissed for

11  plaintiff's repeated failure to state a claim upon which relief can be granted.

12         These findings and recommendations are submitted to the United States District

13  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

14  days after being served with these findings and recommendations, plaintiff may file written

15  objections with the court.  Such a document should be captioned "Objections to Magistrate

16  Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

17  within the specified time may waive the right to appeal the District Court's order.  Martinez v.

18  Ylst, 951 F.2d 1153 (9th Cir. 1991).

19  DATED: September 17, 2010                    /s/ Gregory G. Hollows

20                                    _____
                                         GREGORY G. HOLLOWS
21                                        UNITED STATES MAGISTRATE JUDGE

22  GGH:014
    wrig0334.ord
23

24

25

26

                                          5